## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 02 2015, 9:15 am
CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Ryan W. Tanselle
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jonathan R. Sichtermann
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Antione Nelson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 2, 2015

Court of Appeals Case No.
32A04-1409-CR-454

Appeal from the Hendricks Superior Court.

The Honorable Karen M. Love, Judge.

Cause No. 32D03-1404-CM-314

**Riley, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Antione D. Nelson (Nelson), appeals his sentence following his conviction for driving while suspended, a Class A misdemeanor, Ind. Code § 9-24-19-2 (2013).

We affirm.

## ISSUE

Nelson raises one issue on appeal, which we restate as follows: Whether Nelson's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

At approximately 10:25 a.m. on April 25, 2013, Officer Aaron Teare (Officer Teare) of the Plainfield Police Department observed a blue Dodge Caravan stopped at a red light at the intersection of Stafford Road and State Road 267 in Plainfield, Hendricks County, Indiana. Officer Teare ran a routine license plate check on the vehicle and learned that the plate was actually registered to a white 1999 Pontiac Bonneville and had expired eleven days earlier. As a result, Officer Teare initiated a traffic stop.

The driver of the blue van—later identified as Nelson—provided Officer Teare with a Missouri identification card, explained that he had an Indiana identification card on file, and admitted that he did not have proof of insurance.

Nelson also indicated that he had an active warrant out of California for auto theft. When Officer Teare searched Nelson's information through the Indiana Bureau of Motor Vehicles, the records indicated that Nelson had only a learner's permit, which had been suspended and subsequently expired on September 30, 2010.

[6] On May 1, 2013, the State filed an Information, charging Nelson with Count I, driving while suspended, a Class A misdemeanor, I.C. § 9-24-19-2. The State also filed a Complaint and Summons, charging Nelson with Count II, operating a vehicle without proof of financial responsibility, a Class A infraction, I.C. § 9-25-8-2(a); Count III, learner's permit violation, a Class C infraction, I.C. §§ 9-24-7-4; -6; Count IV, operating a vehicle with a registration number belonging to another vehicle, a Class C infraction, I.C. §§ 9-18-2-27(a)(1); -40(b); and Count V, operating a vehicle with an expired license plate, a Class C infraction, I.C. §§ 9-18-2-7(d); -40(b).

[7] On September 18, 2014, the trial court conducted a bench trial. As a defense, Nelson insisted that he had not been driving the vehicle but was simply riding with his friend. However, footage from Officer Teare's dash camera clearly revealed that Nelson was the driver. At the close of the evidence, the trial court found Nelson guilty on all Counts. On September 22, 2014, the trial court held a sentencing hearing. After merging Counts II through V into Count I, driving while suspended as a Class A misdemeanor, the trial court ordered Nelson to spend thirty days in the Hendricks County Jail and ordered the suspension of his license for 180 days. On September 26, 2014, Nelson filed an emergency

motion to stay his sentence pending appeal, which the trial court denied on September 30, 2014. However, on October 8, 2014, the trial court granted Nelson's motion to stay the suspension of his driving privileges pending appeal.

[8] Nelson now appeals. Additional facts will be provided as necessary.[1]

## DISCUSSION AND DECISION

[9] Nelson claims that his sentence is inappropriate based on the nature of the offense and his character. In this case, Nelson's sentence of incarceration for thirty days and license suspension for 180 days was well within the statutory parameters for a Class A misdemeanor. *See* I.C. § 35-50-3-2 (2013) (providing that a Class A misdemeanor is punishable by imprisonment "for a fixed term of not more than one (1) year"); I.C. § 9-24-19-5(a) ("In addition to any other penalty imposed for a conviction under this chapter, the court shall recommend that the person's driving privileges be suspended for a fixed period of not less than ninety (90) days and not more than two (2) years."). Nevertheless, even where the trial court imposes a statutorily permissible sentence, our court may revise the sentence if, "after due consideration of the trial court's decision," we

---

[1] The amended version of Indiana Administrative Rule 9 became effective as of January 1, 2015, and requires, in part, that the "[c]omplete Social Security Numbers of living persons" be excluded from public access. Ind. Admin. Rule 9(G)(2)(f). Here, several of the exhibits contain unredacted Social Security Numbers. As we acquired jurisdiction over this case on October 2, 2014, prior to the applicability of amended Administrative Rule 9(G), we would simply remind the parties to take notice of its requirements for future compliance.

find "that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[10] Whether we determine that a sentence is appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). On review, we focus on the length of the aggregate sentence and how it is to be served. *Id.* Ultimately, our goal is "to attempt to leaven the outliers[] and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, . . . not to achieve a perceived 'correct' result in each case." *Id.*

[11] We first note that Nelson has already completed his thirty-day period of incarceration. As our court previously explained,

> where the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions and this court will not retain jurisdiction to decide them. Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result.

*Bell v. State*, 1 N.E.3d 190, 192 (Ind. Ct. App. 2013). Even if we were to agree with Nelson that a reduction of his thirty-day sentence is appropriate, it would result in no change to the status quo. Therefore, we find that this issue is moot.

[12] Nonetheless, while "moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'

Typically, cases falling in the 'great public interest' exception contain issues likely to recur." *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002) (internal citation and quotation marks omitted). Here, Nelson does not assert that his sentence involves a question of great public interest. Rather, he argues that the sentence should be reduced, with the reduction to be applied "to his pending perjury case in Hendricks County, as he was taken in[to] custody on both this matter at hand and the pending perjury case after his sentencing hearing." (Appellant's Br. p. 8). The record contains no information regarding the pending perjury case. Furthermore, we find the fact that the trial court imposed a sentence that is far less than the statutory maximum for a Class A misdemeanor hardly qualifies as a matter of great public interest.

[13]    On the other hand, because the trial court stayed the suspension of Nelson's driving privileges pending appeal, this issue is properly before our court. On appeal, Nelson requests that we reduce the suspension of his driving privileges from 180 days to ninety days—*i.e.*, the statutory minimum. *See* I.C. § 9-24-19-5(a). Nelson contends that he "was not engaged in dangerous, risky, reckless, or otherwise unsafe driving" and that "he has not been in trouble for years and that he was living on his own and raising a child." (Appellant's Br. pp. 6-7). According to Nelson, these considerations warrant a lesser penalty. We disagree.

[14]    The nature of the offense is that Nelson was driving a vehicle on a learner's permit that was both suspended and expired. He did not have proof of insurance, and he was using an expired license plate that was registered to

another vehicle. As to character of the offender, we find that Nelson has a substantial history of non-compliance with Indiana's driving laws. In March of 2005, Nelson was issued a learner's permit, which was suspended just two months later for failure to pay on a seatbelt violation. In September of 2009, Nelson renewed his learner's permit, which was again suspended in April of 2010. Since that time, he has not held a valid license or permit; yet, he has continued to drive. Since 2010, Nelson has been convicted of driving on that suspended learner's permit on six different occasions. Additionally, Nelson was cited numerous times for failing to file insurance and for failing to appear for a driver safety program.

[15] We find that Nelson's habitual disregard for the law is further exhibited by the fact that he has not attempted to resolve his outstanding auto theft warrant in California. Moreover, unaware of the fact that Officer Teare had video-recorded the entire traffic stop, Nelson flagrantly lied to the court about the fact that he was the driver of the vehicle. Thus, we find that Nelson's 180-day license suspension is appropriate given the nature of the offense and his character.

## CONCLUSION

[16] Based on the foregoing, we conclude that Nelson's claim that his thirty-day sentence is inappropriate is moot; however, we conclude that his 180-day driver's license suspension is appropriate in light of the nature of the offense and character of the offender.

Affirmed.

Bailey, J. and Barnes, J. concur